UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERDA ROBLES,

                    Plaintiff,

    -v-                                          3:14-CV-1250

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

LACHMAN, GORTON LAW FIRM             PETER A. GORTON, ESQ.
Attorneys for Plaintiff
1500 East Main Street, P.O. Box 89
Endicott, NY 13761

OFFICE OF REGIONAL GENERAL COUNSEL    JOANNE JACKSON
   SOCIAL SECURITY ADMINISTRATION         PENGELLY, ESQ.
   REGION II                                 Special Ass't United States Attorney
Attorneys for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

HON. RICHARD S. HARTUNIAN              JOHN D. HOGGAN, JR., ESQ.
United States Attorney                      Ass't United States Attorney
Northern District of New York
445 Broadway
Albany, NY 12207

DAVID N. HURD
United States District Judge

**MEMORANDUM–DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Gerda Robles ("Robles" or "plaintiff") brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of defendant Commissioner of Social Security's ("Commissioner" or "defendant") final decision denying her application for Disability Insurance Benefits ("DIB"). The parties have filed their briefs as well as the Administrative Record on Appeal and the motions will be considered on the basis of these submissions without oral argument.[1]

## II. BACKGROUND

On August 26, 2011, Robles filed an application for DIB alleging that her carpal tunnel syndrome, fibromyalgia, and problems with her neck, shoulders, and back had rendered her disabled beginning on January 29, 2011.

Robles's claim was initially denied on November 23, 2012. At plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Marie Greener on March 7, 2013. Plaintiff, represented by attorney, appeared and testified. The record was held open after the hearing so that plaintiff's attorney could provide additional medical source statements.

On May 6, 2013, the ALJ issued a written decision denying Robles's application for benefits, which became the final decision of the defendant Commissioner of Social Security when the Appeals Council denied plaintiff's request for review.

On October 13, 2014, Robles filed this action seeking judicial review of the

---

[1] Pursuant to General Order No. 18 of the Northern District of New York, consideration of this matter will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Commissioner's denial of benefits. Because the parties are familiar with the underlying facts, they are discussed only to the extent necessary to address plaintiff's appeal.

## III. DISCUSSION

### A. Standard of Review

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. See id. Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld—even if the court's independent review of the evidence may differ from the Commissioner's. Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982); Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the

ultimate conclusion reached is arguably supported by substantial evidence. Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)).

## B. Disability Determination—The Five-Step Evaluation Process

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant has engaged in substantial gainful activity. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. Id. §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his physical or mental ability to perform basic work activities. Id. §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings").  Id. §§ 404.1520(d), 416.920(d); see also id. Pt. 404, Subpt. P, App. 1.  If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether—despite the claimant's severe impairment—he has the residual functional capacity ("RFC") to perform his past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The burden of proof with regard to these first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (citing Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his past relevant work, the burden shifts to the Commissioner for step five.  Perez, 77 F.3d at 46.  This step requires the ALJ to examine whether the claimant can do any type of work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs:  very heavy, heavy, medium, light, and sedentary.  Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity."  Poupore, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### C. **Plaintiff's Appeal**

In her appeal, Robles argues the ALJ improperly evaluated certain medical opinions in the record and, as a result, the ALJ's RFC determination failed to correctly reflect her limited ability to engage in activities that require reaching. According to plaintiff, this significant, non-exertional limitation required the ALJ to take testimony from a Vocational Expert, which did not happen at the hearing.

As relevant here, both Ramon Vallarino, Jr., M.D., plaintiff's treating physician, and Justine Magurno, M.D., a consultative examiner, assessed limitations in plaintiff's ability to reach. Specifically, Dr. Vallarino's February 2013 opinion indicates that plaintiff would only be able to reach "occasionally," or up to one-third of the time. R. at 356. Likewise, a November 2011 opinion authored by Dr. Magurno indicates that plaintiff has "marked" limitations in her ability to reach. R. at 300.

In making her RFC determination, the ALJ evaluated both of these opinions, assigning "considerable weight" Dr. Vallarino's February 2013 opinion, but giving only "little" weight to Dr. Magurno's November 2011 opinion. Overall, the ALJ concluded that the medical evidence was "consistent with a sedentary level of exertion." R. at 22.

Plaintiff challenges this RFC determination, arguing that the ALJ completely neglected to discuss, and therefore failed to incorporate, some degree of reaching limitation as reflected in both of these medical opinions. She also argues that Dr. Vallarino's opinion should have been given controlling, not merely "considerable," weight, and that Dr. Magurno's opinion was discounted for impermissible reasons.

Significant limitations in a claimant's ability to reach, a non-exertional activity that is required to perform almost all jobs, may eliminate a large number of occupations a person

could otherwise do, even at the sedentary level of exertion. Sova v. Colvin, 2014 WL 4744675, at *8 (N.D.N.Y. Sept. 23, 2014). As the Second Circuit has explained, the assistance of a Vocational Expert is necessary whenever a claimant's non-exertional limitations have "any more than a 'negligible' impact on a claimant's ability to perform the full range of work." Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013).

First, it is true that the paragraphs in the ALJ's written decision initially discussing each doctor's opinions do not explicitly mention any limitations in reaching. However, plaintiff neglects to acknowledge that the ALJ's written decision *does* go on to explain, in the very next paragraph, that she had chosen not to adopt *any* of the non-exertional limitations contained in "the above assessments" by Dr. Vallarino and Dr. Magurno. R. at 22. In making this choice, the ALJ explained that those non-exertional limitations, which would include the reaching limitations plaintiff has identified here, were unsupported by the objective evidence in the record.

The question, then, is whether the ALJ was within her rights to draw this conclusion. With respect to Dr. Vallarino's opinion, the opinion of a treating physician is binding on the ALJ where it is supported by medical evidence and not contradicted by other substantial evidence in the record. Selian, 708 F.3d at 418. However, an ALJ may give such an opinion less than "controlling" weight where it is called into question by other medical evidence in the record, conflicts with a claimant's own self-reported activities, or when it suffers from internal inconsistencies See, e.g., Michels v. Astrue, 297 F. App'x 74, 75 (2d Cir. 2008) (summary order).

In this case, the ALJ afforded Dr. Vallarino's opinion "considerable," but less than "controlling" weight, adopting many of his conclusions but reasoning that the non-exertional

- 7 -

limitations he identified were inconsistent with his own reports, belied by claimant's own self-reported activities, and at odds with other substantial record evidence, such as the findings of Dr. Sultan.[2] These were all permissible bases on which to partially discount Dr. Vallarino's opinions.

With respect to Dr. Magurno's opinion, "[t]here is no requirement that the agency accept the opinion of a consultative examiner concerning a claimant's limitations." Pellam v. Astrue, 508 F. App'x 87, 89-90 (2d Cir. 2013) (summary order). Rather, any medical opinion not entitled to "controlling" weight is evaluated by considering the same basic factors set forth in the Regulations. 20 C.F.R. § 404.1527(c).

In this case, the ALJ afforded "little" weight to Dr. Magurno's assessment, reasoning that, as a consultative examiner, she had only examined plaintiff on one occasion, assessed limitations that were inconsistent with her objective findings, and failed to adequately define her use of the terms "marked" and "mild."

Those first few observations are clearly permissible reasons to discount a medical opinion—the length, nature, frequency, and extent of a claimant's treatment relationship to the medical source in question, as well as the supportability and consistency of that source's opinion contrasted with other findings as well as the record as a whole, are explicitly permitted by the Regulations.

However, the ALJ's last observation—that Dr. Magurno failed to define the terms "marked" and "mild" in her report—merits further comment, since those terms seem to have

---

[2] Plaintiff incorrectly claims the ALJ gave "no weight" to Dr. Sultan's opinion. Pl.'s Mem. at 13 n. 6. The ALJ appears to have only given "no weight" to the portion of Dr. Sultan's report where he opined on the ultimate issue of claimant's disability. R. at 23 ("Like the other statements in the record regarding the claimant's disability status and/or ability to work, Dr. Sultan's conclusion is given no weight . . . .").

well-known and widely understood meanings in the Social Security context. In fact, as plaintiff correctly notes, Dr. Magurno's consultative reports, which use these terms regularly, frequently appear in Social Security cases in this District. See, e.g., Beckwith v. Comm'r of Soc. Sec., 2015 WL 860763, at *4 (N.D.N.Y. Feb. 27, 2015). Given the wide usage of these apparent terms of art, it would seem improper to suggest that Dr. Magurno could somehow be faulted for failing to explicitly define them.

But after careful consideration, remanding this case to the ALJ for reconsideration of the weight to be afforded Dr. Magurno's opinion in light of this single issue would be unwarranted. As noted above, this is not the *only* basis on which the ALJ chose to discount Dr. Magurno's opinion, and the other reasons articulated by the ALJ were valid bases on which to give the opinion "little weight."

Ultimately, it is the ALJ's responsibility to "choose between properly submitted medical opinions and other competent evidence to piece together an overall [RFC] assessment." Crofoot v. Comm'r of Soc. Sec., 2013 WL 5493550, at *8 (N.D.N.Y. 2013). Notwithstanding her errant statement regarding the weighing criteria, the ALJ discharged that responsibility here. Given this conclusion, plaintiff's further argument regarding the necessity of a Vocational Expert must be rejected. Because the ALJ's RFC determination did not incorporate *any* non-exertional limitations, it was unnecessary to call a Vocational Expert at the hearing.

## IV. **CONCLUSION**

In sum, because the ALJ applied the correct legal standard and her decision is supported by substantial evidence, the Commissioner's decision denying plaintiff disability benefits will be affirmed and the complaint will be dismissed.

- 9 -

Therefore, it is

ORDERED that

1. Robles's motion for judgment on the pleadings is DENIED;

2. The Commissioner's motion for judgment on the pleadings is GRANTED;

3. The Commissioner's decision is AFFIRMED; and

4. Robles's complaint is DISMISSED.

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

United States District Judge

Dated: February 29, 2016
        Utica, New York.